UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAIAH HARRIS, | ) | CASE NO. 1:14CV846 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| KIMBERLY CLIPPER, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Petitioner Isaiah Harris ("petitioner" or "Harris"), an Ohio state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition was referred to Magistrate Judge Greg White, and the magistrate judge issued a Report and Recommendation ("R&R"). (Doc. No. 21.) The R&R recommends that the habeas petition be denied on the ground that it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). In particular, the R&R recommends that the Court reject petitioner's argument that equitable tolling should be applied to rescue his otherwise time-barred petition. (R&R at 598-602.)

Harris filed timely objections to the R&R. (Doc. No. 23 ["Obj."].) While petitioner complains that the magistrate judge failed to address several of his arguments on the merits, he neglects to lodge any specific objection to the magistrate judge's conclusions that his federal habeas petition is time-barred and that equitable tolling should not apply. (Obj. at 609.) Instead, he merely complains that the magistrate judge "instead [focused] his attention on the fact that Harris' petition was filed beyond the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) . . . ." (*Id.*)

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "The judge must determine *de novo* any proposed findings or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation." *See also* Fed. R. Civ. P. 72(b)(3) (the court must review *de novo* any part of the Report and Recommendation which has been properly objected to by the petitioner).

The Court has reviewed the R&R in light of the objections under the standards outlined in Fed. R. Civ. P. 72(b) and *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). The Court finds the R&R factually sound and well-reasoned. The application challenges the state trial court bench trial that resulted in petitioner's conviction and sentence in 2009. His conviction became final on November 24, 2010, and the time to raise a federal habeas challenge expired on November 23, 2011. Harris did not file the present petition until April 18, 2014.

This Court may review a time-barred § 2254 habeas petition under the doctrine of equitable tolling provided the petitioner meets his burden of showing that: (1) he exercised reasonable diligence to pursue his rights; and (2) some extraordinary circumstances stood in his way and prevent his timely filing his 28 U.S.C. § 2254 habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (citation omitted). Petitioner's objections fail to address the magistrate judge's reasoning that his status as a segregated inmate satisfies neither prong of the equitable tolling test. Moreover, the Court agrees with the reasoning in the R&R that "[b]ecause Harris has failed to establish that he was prevented from receiving legal materials during the [time he was in segregated control], . . . he has failed to establish that he pursued his rights diligently, and also failed to show that some extraordinary circumstance stood in his way preventing a timely filing." (R&R at 601.) Therefore, the Court agrees with the

R&R and finds that the federal habeas corpus petition is time-barred.

Accordingly, petitioner's objections to the R&R are overruled and the R&R is accepted. The petition for writ of habeas corpus is denied and the case is dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). In light of this ruling, petitioner's application for release on bail (Doc. No. 25) is denied as moot.

**IT IS SO ORDERED**.

Dated: March 14, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**