UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAIAH HARRIS, | ) | CASE NO. 1:14CV846 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| KIMBERLY CLIPER, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On March 14, 2017, the Court filed a memorandum opinion and judgment entry adopting the Report and Recommendation ("R&R) of the magistrate judge recommending that the habeas application of petitioner Isaiah Harris ("petitioner" or "Harris") be denied on the ground that it is time-barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A). (Doc. No. 27 (Memorandum Opinion); Doc. No. 28 (Judgment Entry).) In so ruling, the Court overruled petitioner's objections to the R&R because petitioner failed to lodge any specific objection to the magistrate judge's conclusions that his federal habeas petition was time barred and that equitable tolling should not apply. (*See* Doc. No. 27 at 641.) The Court also declined to issue a certificate of appealability. (*Id*. at 643.)

On March 24, 2017, petitioner filed a motion for reconsideration of the Court's dismissal of his petition, indicating that he was now prepared to "lodge specific reasonable grounds against the conclusion that his federal habeas petition is time-barred and that equitable tolling should not apply." (Doc. No. 29 ["Mot."] at 645.) Three days later (on March 27, 2017), petitioner filed a notice of appeal with the Sixth Circuit Court of Appeals from the Court's judgment entry. (Doc.

No. 30 (Notice).) The Sixth Circuit has advised that it is holding petitioner's appeal in abeyance pending resolution by this Court of petitioner's request for reconsideration. (Doc. No. 31 (Appeal Remark).) Respondent has failed to file an opposition to petitioner's motion, and the time for filing such a response has passed. Accordingly, petitioner's motion is at issue, and the Court is prepared to issue a ruling.

Petitioner seeks reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. In order to prevail on a motion to alter or amend judgment under Rule 59(e), the movant must show: (1) a clear error of law; (2) newly discovered evidence; (2) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). "Rule 59(e)," however, "allows for reconsideration; it does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotation marks and citation omitted). Petitioner has not demonstrated that the Court made a clear error or any other basis for reconsidering its rejection of his petition for a writ of habeas corpus.

Instead, in his motion for reconsideration, petitioner renews an argument he made in his traverse that he has evidence that he is actually innocent of the charges for which he is currently serving a sentence in state court. He represents that he "should be allowed to pass through the gateway of actual innocence to avoid AEDPA one-year statute of limitations." (Mot. at 646.) He claims that "the trier of fact did not get a chance to review said police reports of witness history of fabricating false charges against Harris." (*Id.*) Presumably petitioner makes reference to outside records that he believes demonstrate that the victim in the present case once falsely accused him of domestic violence and was almost charged with lying to prosecutors.

A credible showing of actual innocence will allow a petitioner to "overcome" the statute of limitations, rather than provide him an excuse for the late filing. *See McQuiggin v. Perkins*, -- U.S. --, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). "Actual innocence" for this purpose is not a constitutional claim but rather "a gateway through which a petitioner may pass" to secure judicial review of the merits of his habeas claim. *Id*. For the exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).[1] Significantly, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (citation omitted).

The Supreme Court has made clear, however, that "tenable actual-innocence gateway pleas are rare[.]" *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 329). The petitioner bears the burden of establishing his entitlement to the exception, and a petitioner "'does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*. (quoting *Schlup*, 513 U.S. at 329). This standard is "demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (quoting *Schlup*, 513 U.S. at 327).

Once again, petitioner alleges that he was actually innocent of the charges against him,

---

[1] The Sixth Circuit has recognized a circuit split as to whether the "new evidence" required under *Schlup* includes only newly discovered evidence or encompasses any evidence not presented at trial. *See Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012). The Court need not reach the issue because, even assuming petitioner's evidence clears the "new" evidence hurdle, petitioner still has not advanced a credible claim of actual innocence.

pointing to evidence that he believes demonstrates that the victim once falsely accused him of domestic violence. The magistrate judge rejected this argument, noting that this evidence "may or may not have had an impact on the trial judge's assessment of [the victim's] credibility." (R&R at 603.) By simply revisiting his argument relative to this excluded evidence petitioner is attempting to reargue the case he presented to the magistrate judge, something he is not permitted to do on a Rule 59(e) motion.[2] *See Howard*, 533 F.3d at 475.

Even if such an argument was properly before the Court at this juncture, it would fail. At best, the evidence that petitioner points to now provides merely impeachment value, "which is not enough to present a valid claim of actual innocence." *Glover v. Morgan*, No. 1:12 CV 267, 2013 WL 821462, at *15 (N.D. Ohio Jan. 25, 2013) (citing *Plaza v. Hudson*, No. 1:07-CV-674, 2008 WL 5273899, at *10 (N.D. Ohio Dec. 17, 2008) (impeachment evidence is not sufficient to establish a gateway claim of innocence)), *report adopted by* 2013 WL 821410 (N.D. Ohio Mar. 4, 2013); *see Howard v. Brewer*, No. 2:15-CV-13765, 2017 WL 783494, at *7 (E.D. Mich. Mar. 1, 2017) ("Evidence which merely impeaches a witness is insufficient to support a claim of actual innocence.") (citing, among authority, *In re Byrd*, 269 F.3d 561, 577 (6th Cir. 2001)); *see also Calderon v. Thompson*, 523 U.S. 538, 563, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence).

---

[2] This same evidence was also the subject of a motion to expand the record. (*See* Doc. No. 9.) In that motion, petitioner requested leave to add to the record the victim's pretrial police reports and the prison visitor log. In denying the motion, the magistrate judge ruled that "a previous allegation of domestic violence, which did not result in any charges in the present action, is wholly immaterial as to whether Harris's convictions violated clearly established federal law. In addition, said evidence is incapable of establishing Harris's actual innocence of the crimes of which he was convicted. Harris also asks that the record be expanded to include his visitors list, which he maintains will show that the victim 'remains in close contact' with him. Again, such evidence is irrelevant and immaterial." (Doc. No. 15 (Order) at 474.)

Petitioner argues, however, that he also has "more new evidence that was not included in his traverse brief which could be used to further Harris['] actual innocence claim." (Mot. at 646.) While he does not reveal the nature of this evidence, he insists that, "if the court would allow Harris to go forth on a motion for reconsideration, [he] would present evidence so strong that a court cannot have confidence in the outcome of trial." (*Id*., citation omitted.) Neither petitioner's reliance on possible impeachment evidence nor his promise of unidentified additional newly discovered evidence is sufficient to permit petitioner to establish that his is one of the rare and extraordinary cases that should be permitted to continue through the actual innocence gateway.

Accordingly, petitioner's motion for reconsideration is denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 8, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**